HAND DELIVERED                                                    HARD COPY

January 24, 2005

Hon. Joanna Seybert
United States District Court
100 Federal Plaza
Central Islip, New York 11722

RE: <u>United States v. Mahmood Ayaz Butt</u>
Docket No.: 01-CR-1328 (S-1)-04
**Sentence Date: January 27, 2005**

Dear Judge Seybert:

This letter is submitted on behalf of the defendant, Mahmood Butt, to request that the court impose a sentence no greater than sixteen (16) months, which sentence will effectively translate into a sentence of "time served" inasmuch as the defendant has been incarcerated since September 13, 2003.   In <u>United States v. Booker</u> and <u>United States v.</u> <u>Fanfan</u>, 2005 WL 50108, _____S.Ct._____ (2005), the Court determined that as a matter of constitutional law the United States Sentencing Guidelines are "effectively advisory", after the Court severed and excised the mandatory provisions of 18 U.S.C  §  3553(b)(1) and the *de novo* review on appeal of downward departures pursuant to 18 U.S.C. § 3732(e).  2000 WL 50108, 2 and 16.   In so doing, the Court noted that "we have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range".  *Id.* at 10.  Because the District Court must still "take account of the Guidelines together with other sentencing goals", it is submitted that given the defendant's conduct and background, the proposed sentence of incarceration, along with a period of supervised release, is also consistent with the spirit and letter of the Guidelines.

<u>Guidelines and the Defendant's Conduct</u>

For the sake of judicial economy, the defendant will not repeat the proposed Guideline calculation set forth im my letter submission to the court, dated August 5, 2004.   Suffice it to say, the defendant's Guideline calculation posits a total offense level of 13, based upon a loss calculation attributable to the defendant of $199,513.27 and the argument that the now deleted Section 2F1.1 governs the defendant's sentence so as to avoid an *ex post facto* error.   To the extent that the court determines the *ex post facto* argument is unavailing, the loss calculation is increased from 7 to 10

levels pursuant to Section 2B1.1(b)(1)(F).   Thus, the defendant's total offense level is 15 as a result of the following calculation: base offense level of 6; loss enhancement of 10, more than ten victims enhancement of 2; less 3 for acceptance of responsibility.   The Guideline range, therefore, is 18-24 months.

Since the primary goal of the Guidelines is to avoid "unwarranted sentencing disparities" for defendants who have committed similar crimes with similar criminal backgrounds, it is submitted that the court's sentence of the defendant should be no more severe that the 21 month sentence imposed by the court on Choudry Hussain, who incorporated a fictitious business for the sole purpose of engaging in credit card fraud, including false birth certificates, social security cards, credit cards, bank checks and the use of three credit card "swiping" machines (PSR., para. 6).   Despite the government's plea agreement to limit the Guideline "loss calculation" due to Hussain's early cooperation in the investigation, his criminal conduct was far more premeditated and extensive than the conduct of Mahmood Butt, who operated a legitimate business before the arrival of Kalid Awan. Indeed, a similar sentence is more consistent with the central purpose of the Guidelines than a mathematical application of "loss calculation", unproven beyond a reasonable doubt before a jury, especially where actual loss is far less due to the inclusion of interest and penalty charges by the credit card companies.

<u>Conclusion</u>

In the final analysis, Mahmood Butt acknowledges his guilt and accepts that a measure of punishment is required as reflected in his letter to the court (see enclosures).   Notably, the defendant has remained incarcerated in the Nassau County Correctional Center for the past 16 months where he has experienced chronic urinary pain as evidenced by his medical records (to be supplied under separate cover).   Further, the defendant's incarceration has imposed extreme economic hardship on his family, resulting in the recent departure of his wife and children to Pakistan. Simply put, Mahmood Butt has already suffered greatly for his non-violent crime and a sentence allowing for "time served" to be followed by the structure and oversight of supervised release serves the ends of justice.

Thank you for your honor's courtesy and consideration in this matter.

Very truly yours,

RICHARD D. HALEY

RDH/jm
Enc.

cc: AUSA Wayne Baker
     USPO Gregory Giblin